# Exhibit A

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DALE F. KINSELLA (SBN 063370)
  dkinsella@kwikalaw.com
DAVID W. SWIFT (SBN 235033)
  dswift@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Noelle Strogoff, Individually and as Trustee of The Strogoff Family Trust u/d/t dated April 9, 2009

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
2/25/2016 8:30:00 AM
By: Sarah Sisto, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA BARBARA

| | |
|---|---|
| NOELLE STROGOFF, Individually and as Trustee of The Strogoff Family Trust u/d/t dated April 9, 2009,<br><br>Plaintiff,<br><br>vs.<br><br>INTERACTIVE BROKERS LLC, and DOES 1-10, inclusive<br><br>Defendant. | Case No. 16CV00739<br><br>**COMPLAINT FOR:**<br><br>(1) **BREACH OF FIDUCIARY DUTY**<br>(2) **NEGLIGENCE**<br><br>Trial Date:    None Set<br><br>**DEMAND FOR TRIAL BY JURY** |

11113.00002/343467.1

COMPLAINT

Plaintiff Noelle Strogoff, individually and in her capacity as Trustee of The Strogoff Family Trust u/d/t dated April 9, 2009 (collectively "Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in the Superior Court of the State of California for the County of Santa Barbara pursuant to section 410.10 of the California Code of Civil Procedure.

2. Venue is proper in Santa Barbara County, California, pursuant to sections 392 *et seq.* of the California Code of Civil Procedure because Santa Barbara County is where conduct at issue occurred.

## THE PARTIES

3. Plaintiff Noelle Strogoff in an individual who resides in Santa Barbara County, California. Mrs. Strogoff is the widow of James A. Strogoff, who passed away on October 17, 2014. Mrs. Strogoff is also the Trustee of The Strogoff Family Trust u/d/t dated April 9, 2009 (the "Trust"). Noelle Strogoff, in both her individual and representative capacity, is referred to herein as "Plaintiff."

4. Interactive Brokers LLC ("Interactive Brokers") is online discount brokerage firm headquartered in Greenwich, Connecticut that does business throughout the United States, including in Santa Barbara, California.

5. Plaintiff is unaware of the true names and capacities of the defendants named as Doe defendants herein. When those true names and capacities have been ascertained, this Complaint will be amended accordingly. Plaintiff is informed and believes that each of the Doe defendants is responsible, in whole or in part, for the harm complained of herein. Plaintiff is further informed and believes and thereon alleges that each defendant was acting as the agent, employee or representative of each other defendant, and that the acts that defendant committed were within the course and scope of such agency employment and/or representation. As used herein "Defendant" refers to both the named and Doe defendants.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## GENERAL ALLEGATIONS

### After Charles Schwab Refused To Allow Mr. Strogoff to Engage in Reckless Trading, James Strogoff Opens an Account With Interactive Brokers

6. In or around February 2013, James Strogoff opened a brokerage account with Interactive Brokers and funded the account with $12 million of funds from The Strogoff Family Trust, of which both James Strogoff and his wife, Noelle Strogoff, were Trustees. Although James Strogoff was a Trustee of the Trust, he did not have authority to deposit the Trust's funds into the Interactive Brokers account without Plaintiff's written authorization. Plaintiff is informed and believes and thereon alleges that Interactive Brokers never requested the Trust documents, which would have confirmed that Mr. Strogoff did not have authority to deposit the Trust's funds into the Interactive Brokers account without Plaintiff's authorization.

7. Plaintiff is informed and believes and thereon alleges Mr. Strogoff turned to Interactive Brokers after his previous broker, Charles Schwab, refused to allow Mr. Strogoff to engage in reckless and irrational trades that were not in the Trust's best interests.

8. Plaintiff is informed and believes and thereon alleges that with Interactive Brokers' advice, counsel, approval, ratification and assistance, Mr. Strogoff engaged in series of highly leveraged, risky and speculative trades on behalf of the Trust. While these trades where extremely profitable for Interactive Brokers, these trades were reckless, irrational, irresponsible and not in the Trust's best interests. Ultimately, these reckless trades resulted in the Trust losing more than $11 million.

### Interactive Brokers Approves and Assists Mr. Strogoff in Making More than $41 Million Worth of Leveraged Reckless Trades in Lions Gate Stock, Resulting in $6 Million of Losses

9. Beginning in or around December 2013, Plaintiff is informed and believes and thereon alleges that with Interactive Brokers' advice, counsel, approval and assistance, Mr. Strogoff caused the Trust to purchase shares of stock in Lions Gate Entertainment Corporation ("Lions Gate"). In total, Mr. Strogoff caused the Trust to purchase over $41 million worth of Lions Gate stock on margin with Interactive Brokers' approval and assistance. In or around April 2014, Mr. Strogoff was forced to liquidate the Trust's holdings in Lions Gate for approximately

$34.5 million, resulting in a loss of approximately $6.5 million. Plaintiff is informed and believes and thereon alleges that Interactive Brokers advised, approved, ratified and assisted in each of these reckless trades in an attempt to produce higher fees for the brokerage.

10. Plaintiff is informed and believes and thereon alleges that in order to facilitate the Trust's purchase of the Lion's Gate stock, Interactive Brokers' advised Mr. Strogoff to sell various shares the Trust owned in Banco Santander. Plaintiff is further informed and believes and thereon alleges that due to the ill-advised timing of these transactions, the Trust was forced to pay over $2 million in taxes as a direct result of the sale of Banco Santander stock. Plaintiff is informed and believes and thereon alleges that Interactive Brokers' advised, approved and assisted in these irresponsible trades in an attempt to produce higher fees for the brokerage and with no regard for the Trust's interests at all.

**Following the Trust's $6.5 Million Loss in April 2014, Interactive Brokers Encourages Mr. Strogoff to Make Even Riskier Investments, Resulting in $5 Million in Additional Losses**

11. Plaintiff is informed and believes and thereon alleges that in April 2014, following the Trust's loss of more than $6.5 million in Lions Gate, with Interactive Brokers' advice, counsel, approval and assistance, Mr. Strogoff caused the Trust to purchase approximately $3.6 million in Baidu, Inc. ("Baidu"). Within days, Mr. Strogoff liquidated the Trust's holdings in Baidu for approximately $2.8 million, resulting in a loss of approximately $800,000. Plaintiff is informed and believes and thereon alleges that Interactive Brokers advised, approved and assisted in each of these reckless trades in an attempt to produce higher fees for the brokerage.

12. Similarly, Plaintiff is informed and believes and thereon alleges that in April 2014, with Interactive Brokers' advice, counsel, approval and assistance, Mr. Strogoff caused the Trust to purchase approximately $2.5 million in Plug Power, Inc. ("Plug Power"). Within days, Mr. Strogoff liquidated the Trust's holdings in Plug Power for approximately $2.2 million, resulting in a loss of approximately $300,000. Plaintiff is informed and believes and thereon alleges that Interactive Brokers advised, approved and assisted in each of these reckless trades in an attempt to produce higher fees for the brokerage.

13.     Finally, Plaintiff is informed and believes and thereon alleges that in April 2014, with Interactive Brokers' advice, counsel, approval and assistance, Mr. Strogoff caused the Trust to purchase approximately $5 million in Arrowhead Research Corporation ("Arrowhead"). In or around October 2014, Mr. Strogoff was forced to liquidate the Trust's holdings in Arrowhead for approximately $2 million, resulting in a loss of approximately $3 million. Plaintiff is informed and believes and thereon alleges that Interactive Brokers advised, approved and assisted in each of these reckless trades in an attempt to produce higher fees for the brokerage.

### After Losing $11 Million in 5 Months of Trading with Interactive Brokers' Advice, Approval and Assistance, Mr. Strogoff Commits Suicide

14.     Shortly after losing approximately $11 million of the Trust's $12 million in less than 5 months of trading with Interactive Brokers (based on trades made with Interactive Brokers' advice and counsel, and with Interactive Brokers' approval and assistance), in October 2014, Mr. Strogoff committed suicide. Mr. Strogoff is survived by his wife and three young children under the age of five.

15.     The day before Mr. Strogoff's death, with Interactive Brokers' advice, counsel, approval and assistance, Mr. Strogoff caused the Trust to purchase approximately $2.4 million in Banco Santander shares. Following Mr. Strogoff's death, the value of those shares has plummeted to less than $600,000 – resulting in a loss for the Trust of approximately $1.8 million.

16.     In October, 2015, Plaintiff reached out to Interactive Brokers to request access to Interactive Brokers' complete file for Mr. Strogoff. To date, Interactive Brokers has refused to even have the courtesy to respond.

### FIRST CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against Interactive Brokers and Does 1-10)

17.     Plaintiff incorporates by reference paragraphs 1 through 16 of this Complaint as though set forth in full.

18.     As the investment broker for Mr. Strogoff and the Trust, Interactive Brokers owed fiduciary duties to Mr. Strogoff and the Trust, including the duties of care, loyalty and good faith.

As a fiduciary to Mr. Strogoff and the Trust, Interactive Brokers was obligated to act in the best interests of Mr. Strogoff and the Trust and to put Mr. Strogoff and the Trust's interests before its own. Interactive Brokers was also obligated to evaluate Mr. Strogoff and the Trust's financial situation and needs and make investment recommendations that were appropriate and suitable for Mr. Strogoff and the Trust's particular situation. Interactive Brokers was also obligated to evaluate the Trustee's authority to make trades on behalf of the Trust.

19. Interactive Brokers breached its fiduciary duties to Mr. Strogoff and the Trust by putting its own interests and profits ahead of the interests of Mr. Strogoff and the Trust and by approving, assisting, ratifying and encouraging Mr. Strogoff to engage in reckless day trading on the Trust's behalf.

20. As the direct and proximate result of those breaches of fiduciary duties, Plaintiff has been damaged in amount to be proven at trial, but not less than $11 million.

21. Plaintiff is also entitled to punitive damages against Interactive Brokers in that Interactive Brokers' breaches of its fiduciary duties were done maliciously, despicably, and oppressively. The amount of punitive damages is to be determined by the jury at time of trial.

## SECOND CAUSE OF ACTION

### Negligence

**(Against Interactive Brokers and Does 1-10)**

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though set forth in full.

23. Plaintiff is informed and believes and thereon alleges that Interactive Brokers acted negligently and recklessly in approving and assisting Mr. Strogoff in reckless trading with the Trust's assets. In particular, Plaintiff is informed and believes and thereon alleges that by assisting and approving of trades that were not in the best interests of Mr. Strogoff and the Trust, Interactive Brokers' conduct fell far below the ordinary standard of care in the industry.

24. As the direct and proximate result of those Interactive Brokers' negligence, Plaintiff has been damaged in amount to be proven at trial, but not less than $11 million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against the Defendants, and each of them, as follows:

1. For monetary damages in an amount to be proven at trial, but not less than $11 million;
2. For prejudgment interest;
3. For costs of suit as allowable by law; and
3. For punitive damages in an amount to be determined at time of trial.
4. For attorneys' fees.
5. For such other and further relief as the Court may deem just and proper.

DATED: February 24, 2016

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: _____
Dale F. Kinsella
Attorneys for Noelle Strogoff, Individually and as Trustee of The Strogoff Family Trust u/d/t dated April 9, 2009

11113.00002/343467.1

7

COMPLAINT

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury on all issues and causes of action triable by jury.

DATED: February 24, 2016

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: _____
Dale F. Kinsella
Attorneys for Noelle Strogoff, Individually and as Trustee of The Strogoff Family Trust u/d/t dated April 9, 2009

11113.00002/343467.1

8
COMPLAINT

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** INTERACTIVE BROKERS LLC,
*(AVISO AL DEMANDADO):*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
2/25/2016 8:30:00 AM
By: Sarah Sisto, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** NOELLE STROGOFF,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individually and as Trustee of The Strogoff Family Trust u/d/t dated April 9, 2009

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Barbara Superior Court
1100 Anacapa Street
P.O. Box 21107
Santa Barbara, CA 93121-1107

**CASE NUMBER:**
*(Número del Caso):* 16CV00739

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dale F. Kinsella (SBN 063370)         310-566-9800    310-566-9850
Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Blvd., 3rd Fl.

DATE: 2/25/2016         Clerk, by /s/ Sarah Sisto , Deputy
*(Fecha)*                *(Secretario)*                 *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Interactive Brokers LLC
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Luis A. Colon
Connecticut Process & Special Services LLC


Process Server Signature
An Indifferent Person

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit A
Page 14 of 24

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DALE F. KINSELLA (SBN 063370)
 dkinsella@kwikalaw.com
DAVID W. SWIFT (SBN 235033)
 dswift@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Noelle Strogoff, Individually and as
Trustee of The Strogoff Family Trust u/d/t dated
April 9, 2009

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA BARBARA

| | |
|---|---|
| NOELLE STROGOFF, Individually and as Trustee of The Strogoff Family Trust u/d/t dated April 9, 2009,<br><br>Plaintiff,<br><br>vs.<br><br>INTERACTIVE BROKERS LLC, and DOES 1-10, Inclusive,<br><br>Defendant. | Case No. 16CV00739<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE**<br><br>Date: June 24, 2016<br>Time: 8:30 a.m.<br>Dept.: 4<br><br>Assigned to Hon. Donna D. Geck, Dept. 4<br><br>Action Filed: February 25, 2016<br>Trial Date: None Set |

11113.00002/346419.1

NOTICE OF CASE MANAGEMENT CONFERENCE

1 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2     **PLEASE TAKE NOTICE** that the Court has set a Case Management Conference for June 24, 2016 at 8:30 a.m. in Department 4 of the above-entitled Court. A copy of the Court's notice is attached hereto as Exhibit "A."

5 DATED: March 4, 2016      KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: _____
David W. Swift
Attorneys for Noelle Strogoff, Individually and as Trustee of The Strogoff Family Trust u/d/t dated April 9, 2009

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

11113.00002/346419.1

2
NOTICE OF CASE MANAGEMENT CONFERENCE

# EXHIBIT A

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**<br>STREET ADDRESS: 1100 Anacapa Street<br>CITY AND ZIP CODE: Santa Barbara CA 93101<br>BRANCH NAME: Anacapa | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY OF SANTA BARBARA<br>FEB 2 5 2016<br>Darrel E. Parker, Executive Officer<br>BY _____<br>Sarah Sisto, Deputy Clerk |
| CAPTION:<br>**Noelle Strogoff vs Interactive Brokers, LLC** | |
| **ORDER AND NOTICE OF CASE ASSIGNMENT;**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**16CV00739** |

The above case is hereby assigned to Judge **Donna D Geck** for ALL purposes, including trial. All future matters, including ex-parte matters, are to be scheduled with the assigned judge. Counsel shall include the name of the assigned judge in the caption of every document filed with the court. The above-entitled case is hereby ordered set for:

**Case Management Conference on 06/24/2016 at 8:30 AM in SB Dept 4** at the court address above.

PLAINTIFF SHALL GIVE NOTICE of this assignment to ALL parties brought into the case, including but not limited to defendants, cross-defendants and intervenors. A Proof of Service of this ORDER & NOTICE OF CASE ASSIGNMENT is to be filed with the Court within five (5) working days after service. Failure to give notice and file proof thereof or failure to appear may result in the imposition of sanctions. Pursuant to California Rule of Court 3.725, no later than fifteen (15) calendar days before the date set for the Case Management Conference, each party must file a Case Management Statement (Judicial Council form CM110). In lieu of each party filing a separate Case Management Statement, any two or more parties may file a joint statement.

At the Court's discretion counsel, parties and insurance representatives (if any) with full settlement authority may be required to attend a CADRe Information Meeting within ten (10) days of the Conference date.

Dated: 2/25/2016

_____
Judge of the Superior Court
James E. Herman

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this action and that a true copy of the foregoing was mailed first class, postage prepaid, in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at (*place*): Santa Barbara, California on: 02/25/16.

Darrel E. Parker, Executive Officer     By _____ Sarah Sisto _____ Deputy Clerk

Dale F Kinsella
Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Blvd 3rd Floor
Santa Monica CA 90401

---

SC-2028 [Rev. 7/1/02]     **ORDER & NOTICE OF CASE ASSIGNMENT**     Local Rule 1309
                         **NOTICE OF CASE MANAGEMENT CONFERENCE**     CRC 3.222

Exhibit A
Page 18 of 24

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Dale F. Kinsella (SBN 063370)<br>Kinsella Weitzman Iser Kump & Aldisert LLP<br>808 Wilshire Blvd., 3rd Fl.<br>Santa Monica, CA 90401<br>  TELEPHONE NO.: 310-566-9800    FAX NO.: 310-566-9850<br>ATTORNEY FOR *(Name)*: Plaintiff Noelle Strogoff | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>2/25/2016 8:30:00 AM<br>By: Sarah Sisto, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
  STREET ADDRESS: 1100 Anacapa Street
  MAILING ADDRESS: P.O. Box 21107
  CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
  BRANCH NAME:
CASE NAME: STROGOFF v. INTERACTIVE BROKERS

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 16CV00739<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: Two
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: February 24, 2016

Dale F. Kinsella (SBN 063370)
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**    Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit A
Page 19 of 24

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (non-domestic relations)
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition